UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 03-20085 |
| THOMAS L. CANNON, | ) |
| Defendant. | ) |

**GOVERNMENT'S SENTENCING COMMENTARY**

The United States of America, by its attorneys, Jan Paul Miller, United States Attorney for the Central District of Illinois, and Timothy A. Bass, Assistant United States Attorney, respectfully submits its sentencing commentary. The government states the following:

1. On October 23, 2003, the defendant was charged in an indictment with possession of 50 or more grams of cocaine base (crack) with the intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

2. Prior to trial, on December 3, 2003, the government filed notice, pursuant to 21 U.S.C. § 851, of the defendant's two prior felony drug convictions. The defendant's two prior felony drug convictions occurred in 1997.

3. On December 10, 2003, the defendant was convicted following a jury trial of the charge contained in the indictment. At trial, the defendant stipulated, and the jury found, that the offense involved 50 or more grams of cocaine base (crack).

4. Title 21, United States Code, Section 841(b)(1)(A) provides for a mandatory life sentence for any defendant convicted of possession with the intent to distribute 50 or more grams of cocaine base (crack) if the offense of conviction occurred "after two or more prior convictions for a felony drug offense have become final." Section 841(b)(1)(A) does not contain any requirement that the prior drug convictions be unrelated or that they are countable under the Sentencing Guidelines -- it requires only that two such convictions be final prior to the commission of the offense for which sentence is being imposed. See United States v. Garcia, 32 F.3d 1017, 1019 (7th Cir. 1994).

5. In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court applied Blakely v. Washington, 124 S. Ct. 2531 (2004) to the Sentencing Guidelines and held that the Sixth Amendment is violated when a sentence that has been enhanced under the Guidelines based on the sentencing judge's determination of a fact (other

than a prior conviction) exceeds the maximum authorized by the facts established by a plea of guilty or a jury verdict. Id. at 755-56. Specifically, the merits majority reaffirmed its holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), stating:

> Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.

125 S. Ct. at 756. A different majority of the Court held in a separate opinion that the Guidelines are no longer mandatory, which makes them effectively advisory in every case. Id. at 756-57.

6.  This is a statutory mandatory sentence case, not a Guidelines case. Here, the defendant was charged with and convicted of possession of 50 or more grams of cocaine base (crack) with the intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). At trial, the defendant stipulated, and the jury found that, the offense involved 50 or more grams of cocaine base (crack). No finding by the jury was required as to prior convictions. See Booker, 125 S. Ct. at 756; Almendarez-Torres v. United States, 523 U.S. 224, 244 (1998). Given that the defendant was convicted of an offense involving 50 or more grams of crack cocaine, and the government filed notice of the defendant's two prior felony drug convictions, the statutory mandatory penalty is life imprisonment under 21 U.S.C. § 841(b)(1)(A). Although the defendant advances a protracted attempt to challenge the constitutionality of that statute, the Seventh Circuit has repeatedly held that the statute is constitutional. United States v. Brough, 243 F.3d

1078, 1080 (7th Cir. 2001) (holding that "[t]here is no constitutional defect in the design of § 841 and . . . there is no impediment to convictions under the statute"); United States v. Arocho, 305 F.3d 627, 638 (7th Cir. 2002) ("There is no reason to revisit our decision in Brough that Section 841 is constitutional.")

        Respectfully submitted,

        JAN PAUL MILLER
        UNITED STATES ATTORNEY

BY:    s/Timothy A. Bass
        DAVID H. HOFF
        United States Attorney
        201 S. Vine St., Suite 226
        Urbana, IL 61802
        Phone:  217/373-5875
        Fax: 217/373-5891
        tim.bass@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that on the 14th day of February 2005, I electronically filed the Government's Sentencing Commentary with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

      Tiffani D. Johnson
      Assistant Federal Defender
      300 W. Main Street
      Urbana, IL 61801

      s/Timothy A. Bass
      TIMOTHY A. BASS
      United States Attorney
      201 S. Vine Street, Suite 226
      Urbana, Illinois 61802
      Phone:  217/373-5875
      Fax: 217/373-5891
      tim.bass@usdoj.gov