E-FILED
Friday, 19 August, 2005  03:56:07 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| VS. ) | 03-20085 |
| ) | |
| THOMAS CANNON, ) | |
| ) | |
| DEFENDANT. ) | |

## ORDER ON RULE TO SHOW CAUSE

  This rule to show cause has been pending for a long time — too long. For the reasons hereinafter set forth, the court finds that the respondent, Bruce Cowan, Esq., should be disciplined and either suspended or disbarred from practice before this court.

  On November 1, 2004, the court ordered the defendant's former counsel, Bruce Cowan, Esq. (Mr. Cowan), a member of the bar of this court, to show cause why he should not be judged in contempt and disciplined for failure to comply with Illinois Rule of Professional Conduct 1.16(d).[1] After Mr. Cowan was replaced on April 1, 2004, by the Federal Public Defender (FPD) as counsel for the defendant, the FPD requested that Mr. Cowan turn over to the FPD the defendant's files that Mr. Cowan had assembled during his representation of Cannon. When no files were forthcoming, the FPD moved for an order to compel and the rule to show cause was issued.

  Hearings on the rule were held on November 29, 2004, December 7, 2004, and January 19, 2005. Twelve witnesses testified, including the respondent, Mr. Cowan. A transcript of the proceedings relating to the rule[2] was made available to the court on July 14, 2005. The court

---

[1] Ill. S. Ct. Rules of Prof. Conduct, RPC Rule 1.16(d) provides in pertinent part: "[A] lawyer shall not withdraw from employment until the lawyer has taken reasonable steps to . . . [deliver] to the client all papers and property to which the client is entitled . . ."

[2] That transcript is made a part of this order as Appendix A. The clerk is directed to file the transcript and not record it electronically.

reporter was engaged in preparation of other transcripts including the transcript of the trial of the Cannon case, which is now on appeal.

Much of the transcript relates to questions about Mr. Cowan's effectiveness and competence and whether he had a conflict of interest in representing Thomas Cannon. This order does not touch on those matters and the court has no opinion as to what ruling might be appropriate on a motion under 28 U.S.C. § 2255. If such a motion is filed, then those questions will properly be before the court. The focus of this order is on the conduct of the respondent, Mr. Cowan, in turning over defense materials to succeeding counsel and his forthrightness and truthfulness in his testimony before the court in his response to the rule to show cause.

Mr. Cowan was retained to represent Thomas Cannon by members of his family. Mr. Cowan received a fee in advance of $11,000, although he had asked for $25,000. When asked by the FPD whether he had maintained files in the Cannon case, Mr. Cowan said that he had three files. [Tr. p. 646, L.2, *et seq*.] The first contained the discovery materials supplied by the government. The second contained the subpoena papers for the appearance of Clarence Bruce Cannon, the defendant's brother, who was stationed in Iraq. The third, Mr. Cowan testified, contained the papers connected with the post-trial motions he had filed. He had no research or investigation memoranda.

When pressed as to why he had not turned those files over to the FPD, Mr. Cowan testified that he had lost all three of the files. [Tr. p. 647, L. 6.] Then Mr. Cowan embarked upon a series of narrative statements about how he maintained his office in his home[3] and searched high and low for the Cannon files. He went on to testify that the files had been lost through a combination of fire, flood, and damage by firemen and workmen. [Tr. 648, L. 21, *et seq*.] All of which was demonstrated by later testimony to be patent lies.

Justin Fippinger, a plumber with Cahill Plumbing, Evanston, Illinois, testified that he made plumbing calls at the Cowan residence in Skokie and that there was no flood but a minor leak from a shower that dripped in the basement onto clothes waiting to be washed. There were no files in the basement and no destruction from water damage.

Lt. Curtis Harms of the Skokie Fire Department testified that he was in charge of the May 10, 2004, response from the Department to a call from Mr. Cowan's residence about a structural fire. [Tr. p. 811, *et seq*.] The firemen thoroughly inspected the house. Contrary to Mr. Cowan's assertions, the firemen had no occasion to flood the basement because there was no fire to extinguish. There were no files destroyed or carried out of the house.

The witness, Michele Babb, [Tr. p. 703, L. 15, *et seq*.], is secretary to the Honorable Michael P. McCuskey. Ms. Babb told of a prior case, *United States v. Washington*, in which Mr. Cowan represented the defendant and would call on the telephone with excuses as to why he

---

[3]The court records show his office in Morton Grove, Illinois. But Mr. Cowan said that was just a place he received mail and paid a "per diem" charge for use of a conference room when needed.

could not attend a scheduled hearing in the case: he had gotten up during the night and fell down the stairs and hurt his back; his wife had been mugged in a Florida hotel; he had a relative in New York City on 9/11 and was concerned for her safety.  Really inventive reasons for the court to excuse an appearance and, in light of what we know about his excuses in the Cannon case, equally spurious.

      A recommendation for discipline of a member of the bar is a distasteful and unpleasant burden, but in this case quite necessary.  I have seen few times in my career where a witness' testimony was so strongly demonstrated to be false.  One can only infer that Mr. Cowan had no files, no discovery, no research, no investigation, and made up the stories about the fire, the flood, and the firemen to justify his explanation of the "lost" files.

      It is ordered that the respondent, Bruce Cowan, Esq., is adjudged in contempt for violation of Illinois Code of Professional Responsibility 1.16(d) and for giving false testimony to the court about his former client's files.  It is further ordered that this matter is transferred to Chief District Judge Michael P. McCuskey with the recommendation that this matter be referred to all four of the court's active judges to consider disciplinary proceedings against Mr. Cowan.

      Enter this 19th day of August 2005.

                          **s\Harold A. Baker**
                          _____
                          Harold A. Baker
                      Senior United States District Judge