E-FILED
Thursday, 13 October, 2011  09:05:48 AM
Clerk, U.S. District Court, ILCD

August _____, 2011

03-20085

FILED

OCT 11 2011

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Thomas L. Cannon
Reg. No. #14110-026
FCI Herlong
P.O. Box 800
Herlong, CA 96113


Hon. Judge Michael P. McCuskey
U.S. District Court
Central District of Illinois
151 Federal Bldg.
600 E. Monroe
Springfield, IL 62701


In Re: Of requesting relief under the new retroactive guideline amendments
       implementing the FSA effective November 1, 2011.


Dear Honorable Judge McCuskey:

       I pray that this letter finds you in the best of health and spirits. My
name is Thomas L. Cannon, a federal inmate that you recently sentenced to <u>Life</u>
imprisonment of the "mandatory life penalty" as mandated by statute.


       I am at your mercy requesting relief of my sentence under the FSA
amendments. Here, if you would consider in applying the new application of law
under the FSA, I would not be entitled to a mandatory life sentence, but rather
only subject to a 10-year mandatory minimum.


       In considering my request, I am asking that you take consideration in
my efforts of rehabilitating myself during my incarceration, and of Judge Baker's
remarks concerning my sentence, when he imposed the sentence on me in February 25,
2005. <u>See</u> <u>Attachments</u> (Of Judge Baker's remarks and Programming Accomplishments)

Surely a mandatory life sentence without a possibility of parole is vastly too long for me. <u>See</u> Graham v. Florida, 130 S.Ct. 2011, 2031, 176 L.Ed.2d 825 (2010)(discussing severity of life without parole sentences for nonhomicide offenders). Moreover, a non-discretionary sentence, assuring I will die of old age in federal prison, is too heavy a burden.

Wherefore, I pray that you will grant me relief under the FSA amendments. I thank you in advance sir and pray that God blesses you and the family.

Sincerely,

*Thomas Cannon* 10/5/11
Thomas L. Cannon

cc: Judge Baker

connection with the ultimate question of the over representation of the criminal history of the defendant.

In ¶27 the report assigns an additional criminal history point for the criminal trespass conviction at age 19. The facts behind the conviction are sparse. The defendant apparently entered the land of someone after notice that such entry was forbidden. Nothing else. He was fined and received a one year conditional discharge. The same analysis applies here as in ¶25. The court declines to assess an additional criminal history point for the conviction in ¶27.

Paragraphs 28 and ¶29 present the greatest sentencing problem to the court. They represent what the government asserts are two prior felony drug convictions which, with the current conviction, would require the imposition of a life sentence on the defendant. But the sparse information about the convictions and the way they were treated by the Cook County Circuit Court militates against treating them as separate convictions. They were certainly combined for sentencing. And each one involved the possession of one gram of cocaine. The second possession triggered the revocation of the probation imposed in the combined sentencing. This analysis in no way excuses the defendant for his criminal conduct. But to treat the possession of one gram of cocaine [.0353 oz.] on two separate occasions seven months apart as separate and distinct felony convictions mandating a life sentence is a clear over representation of the defendant's criminal history. This seems especially true since the defendant's criminal history has no incidents of violent behavior. If the court looks to the Guidelines for advice as *Booker part II* directs, then a downward departure would be indicated because of the over-representation of the defendant's criminal history.

Interpreting ¶¶ 28 and 29 as representing one conviction, the total criminal history points would be 5 and the category would be III. An offense level of 32 and a criminal history category of III yields a guideline sentence of 151 to 181 months. [Let me digress for a moment. If I were empowered to give a guideline sentence in this case, and I am not, I would choose the high end of the guidelines because of the offense and the criminal behavior. A fifteen year sentence would be a severe sentence. My visceral reaction to this case after I heard the evidence, born of being in this profession for as long as I have, was that the ends of justice would be served by giving the defendant a ten year sentence, also a severe sentence. That snap judgment was not too far wide of the mark.] But that is not the sentence that the court is called upon to impose. Clearly this is the defendant's second drug conviction and under 21 U.S.C. §841(b)(1)(A)(iii) the court is mandated by Congress to impose a twenty year sentence on the defendant. [I come to the conclusion that his history indicates only one prior felony drug conviction and if the second part of *Booker* really means what it says, then I should have the discretion to make that determination. I should be free to look at the defendant's criminal history and determine how many prior felony drug convictions he has. That requires an interpretation of his criminal history. I am aware that there are cases holding that separate arrests make for separate convictions, but *Booker's* restoration of some judicial discretion should enable a court to decide what should be counted as a prior felony drug conviction.] He is also subject to a term of ten years supervised release upon completion of his sentence and must pay the statutory assessment

4

---

United States of America v. Richard Miller
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA
2010 U.S. Dist. LEXIS 79763
4:89-CR-120(JMR)
August 5, 2010, Decided
August 6, 2010, Filed

---

Counsel          For USA, Plaintiff: Jeffrey S Paulsen, LEAD ATTORNEY, United States Attorney's Office, Minneapolis, MN.

Judges: JAMES M. ROSENBAUM, United States District Judge.

Opinion

Opinion by:       JAMES M. ROSENBAUM

Opinion

ORDER

Defendant seeks a reduction of his sentence, invoking the revised and retroactive amendments to the United States Sentencing Guidelines applicable to crack cocaine cases. 18 U.S.C. § 3582(c)(2). The government denies defendant is eligible for reduction because he received a prior conviction-driven mandatory life sentence. Defendant's motion is granted.

I. Background

Twenty years ago, a jury convicted Miller - then 27 years old - on five counts of drug trafficking and firearm offenses, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. § 924(c).

Invoking Sentencing Guideline § 2D1.1, the Court calculated his "applicable guidelines to be [a] total offender level of 34 . . . but raised to 37 because of the [defendant's] career offender status." (Tr. 23:9-12.) Applying offense level 37, and a criminal history category of VI, the Guidelines prescribed a sentencing range of 360 months to life. The lower sentencing range was unavailable, however, because Miller had previously been convicted of multiple felony drug offenses.

As a result, the statutes of conviction dictated a mandatory sentence of life imprisonment without the possibility of parole. See 21 U.S.C. § 841(b)(1)(A) (iii) (1988). The government sought a life sentence, framing the matter as "a choice between putting [defendant] in prison for the rest of his life [or] allowing him the opportunity once again to get out and continue to poison people through selling them crack cocaine." (Tr. 25:13-16.)

Miller was sentenced to life terms on Counts 1, 3, and 5, followed by five-year consecutive terms on the firearm counts.[1] On direct appeal, the Eighth Circuit Court of Appeals upheld Miller's conviction and life sentence. United States v. Johnson, 944 F.2d 396 (8th Cir. 1991).

Miller now seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). [Docket Nos. 147, 155 & 158.] The government opposes the motion.

II. Discussion

DISHOT              1

© 2010 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Create PDF files without this message by purchasing novaPDF printer (http://www.novapdf.com)

A. 18 U.S.C. § 3582(c)(2)

Section 3582(c)(2) permits a court to reduce a previously imposed sentence where a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the sentencing commission." On November 1, 2007, the sentencing commission amended Guideline Section § 2D1.1, and lowered by two points the base offense level associated with various quantities of crack cocaine, to partially resolve the disparity in sentences involving crack and powder cocaine. The government claims defendant is not eligible for a reduction because he did not receive a guideline sentence "subsequently lowered by the sentencing commission." Defendant, however, maintains his sentence is "based on" § 2D1.1 of the drug quantity table - a sentencing range subsequently lowered by the sentencing commission.

A career offender sentence, or sentence imposed by a statutory minimum, is generally ineligible for a § 3582(c) sentence reduction. See United States v. Blackmon, 584 F.3d 1115, 1116 (8th Cir. 2009); United States v. Baylor, 556 F.3d 672, 673 (8th Cir. 2009). Indeed, the Eighth Circuit has clarified that a statutory minimum sentence remains "unaffected by the recent amendments to the crack quantity guidelines." United States v. Jones, 523 F.3d 881, 882 (8th Cir. 2008). The Court does not lightly stray from the bounds of these decisions. This case, however, represents a singular and unique exception.

Here, the underlying guideline calculation influenced the Court's conclusion that defendant qualified as a career offender in imposing a mandatory life sentence. See, e.g., United States v. Poindexter, 550 F. Supp. 2d 578, 580 (E.D. Pa. 2008)(reducing career offender's sentence pursuant to the crack cocaine amendment finding § 2D1.1 "played a role" in defendant's sentence). In particular, at sentencing, the Court first calculated the guideline range. (See Tr. 23:8-11 (calculating an offense level 34).) But that range was then elevated to level "37 because of the career offender status." (Tr. 23:8-11.) Finally, the Court applied the "mandatory life penalty" as mandated by statute. (Tr. 23:14-17.)

The Court did not simply calculate defendant's guidelines for comparison - the offense conduct level was a dominant factor in the actual decision to find the career offender category and statutory life sentence applicable. Compare with United States v. Collier, 581 F.3d 755, 759 (8th Cir. 2009)(district court lacked authority to reduce sentence where it contemplated § 2D1.1 drug quantity range, but ultimately based guidelines range on § 4B1.1). At sentencing, the Court emphasized defendant's previous felony convictions involved possession of controlled substances. (Tr. 18:9-15.) The government sought the life sentence because defendant "continue[d] to poison people through selling them crack cocaine." For this reason, the Court sentenced defendant to "prison for the rest of his life." (Tr. 25:10-17.) But the original sentence did not consider the crack/powder disparity - a disparity that Congress and the sentencing commission have repeatedly attempted to resolve.[2] Accordingly, the Court finds it appropriate to modify defendant's sentencing range based on § 3582(c). Under the amended guidelines, absent the statutory minimum and career offender enhancement, defendant's total offense level is 32. This modification results in a new sentencing range of 210 to 262 months.

B. 18 U.S.C. § 3553(a)

In setting a new sentence, the Court considers the factors set forth in 18 U.S.C. § 3553(a), including:

1) the nature and circumstances of the offense and history and characteristics of the defendant; 2) the need for the sentence imposed:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just

DISHOT                                         2

© 2010 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Create PDF files without this message by purchasing novaPDF printer (http://www.novapdf.com)

2:03-cr-20085-JES-DGB   # 126   Page 6 of 13

punishment for the offense;(B) to afford adequate deterrence to criminal conduct;(C) to protect the public from further crimes of the defendant; and(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Defendant, having been in custody since July 21, 1989, has served more than 20 years for his crime. Today, 20 years represents nearly the top end of his recalculated guideline sentence. Such a sentence absolutely and adequately reflects the seriousness of the offense and provides just punishment. In addition, nothing in the record suggests defendant represents a danger to the community if released. The Court, therefore, concludes a sentence of 262 months is appropriate and in accord with the law.3

Accordingly, IT IS ORDERED THAT:

1. Defendant's motions [Docket Nos. 147, 155 & 158] are granted. Defendant is sentenced to imprisonment for a term of 262 months. All other provisions of the Amended Judgment entered May 29, 2007, remain in effect.

2. Defendant's motions to supplement his pleadings are denied as moot. [Docket Nos. 154 & 161.]

3. Defendant's motion for relief from judgment is denied as moot. [Docket No. 162.]

Dated: August 5, 2010

/s/ James M. Rosenbaum

JAMES M. ROSENBAUM

United States District Judge

**Footnotes**

1

The Court later vacated Miller's convictions under 18 U.S.C. §924(c), but did not re-sentence Miller. [Docket No. 91]. See Bailey v. United States, 516 U.S. 137, 143, 116 S. Ct. 501, 133 L. Ed. 2d 472 (1995)(conviction under § 924(c) requires "evidence sufficient to show an active employment of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense").

2

On August 3, 2010, President Obama signed the **Fair Sentencing Act** of 2010, reducing sentencing disparities between crack and powder cocaine to 18 to 1. While the law is not retroactive, it is indicative of Congress's desire to resolve the sentencing disparities between these two drugs.

3

The Court also has no hesitancy in stating that a mandatory life sentence without possibility of parole is vastly too long for this defendant. See Graham v. Florida, 130 S. Ct. 2011, 2031, 176 L. Ed. 2d 825 (2010)(discussing severity of life without parole sentences for nonhomicide offenders). The defendant was one of four young men convicted of drug trafficking and firearms offenses in this case. Certainly, he accumulated a dreadful criminal record - and at an early age . . . but a non-discretionary sentence, assuring he will die of old age in federal prison, is too heavy a burden. He has served more than twenty years; nearly half his life has been spent in federal prison.

DISHOT                                    3

© 2010 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Honorable Judge Harold A. Baker:


    I am writing you this letter in light of the retroactive guideline amendments in light of <u>United States v. Miller</u>, which I have enclosed a copy for you to read. I have also enclosed a progress report to show that I have bettered myself and I am continuing to do so. I have acquired the trades of carpentry which I have received an apprentinceship and continue to work in the shop as the lead man as well as the trade of cabinet making customizing and designing and basic building. I offer this to show the courts that I have changed and can now be a productive member of society and a better father to my kids.

    At sentencing your Honor said that the ends of justice would be served with a 10-year sentence and you were very correct because the way I have matured and the things I have accomplished I would not have done if I were not incarcerated. I have learned to be a man and not take my freedom, children, family, or the simple things in life for granted. I ask that in light of the <u>Miller</u> case and yourself saying that my sentence is to harsh as well as my progress since I have been incarcerated that your Honor would confer once again with Chief Judge McCuskey about my case and my request for a reduced sentence or if your Honor could take my case yourself. I pray that God has continued to move you toward leniency for me. With that I close hoping that I have moved the Court to act on my behalf.


                Sincerely,

                Thomas Connor 10/5/11
                Thomas L. Connor

```
  HER16          *          INMATE EDUCATION DATA        *      08-24-2011
PAGE 001 OF 001 *               TRANSCRIPT               *      11:21:51

REGISTER NO: 14110-026    NAME..: CANNON                 FUNC: PRT
FORMAT.....: TRANSCRIPT    RSP OF: HER-HERLONG FCI

-------------------------- EDUCATION INFORMATION --------------------------

FACL ASSIGNMENT DESCRIPTION                  START DATE/TIME STOP DATE/TIME
HER  ESL HAS    ENGLISH PROFICIENT           05-18-2005 1337 CURRENT
HER  GED EARNED GED EARNED IN BOP            09-20-2005 1552 CURRENT

--------------------------- EDUCATION COURSES ---------------------------

SUB-FACL   DESCRIPTION                    START DATE  STOP DATE EVNT AC LV  HRS

HER        VT CONS TRADES 8AM (RPP2)      01-11-2010 07-06-2011  P  C  M   341

GRE        APPRENTICESHIP MACH. WOOD      02-15-2007 08-19-2010  P  C  A  6028

GRE        ABDOMINAL CLASS                03-04-2010 04-24-2010  P  W  V    20

GRE        ABDOMINAL CLASS                12-05-2009 02-10-2010  P  C  P    36

GRE        ABDOMINAL CLASS                06-13-2009 08-14-2009  P  C  P    28

GRE        ABDOMINAL CLASS                02-06-2009 05-08-2009  P  C  P    36

GRE        ABDOMINAL CLASS                11-29-2008 01-31-2009  P  W  V    26

GRE        ABDOMINAL CLASS                09-04-2008 11-07-2008  P  C  P    39

GRE        ABDOMINAL CLASS                06-06-2007 08-09-2007  P  W  V     1

GRE        PM CALISTHENICS CLASS          03-10-2007 05-05-2007  P  C  P    31

GRE        VT ADVANCE CABINETMAKING       01-22-2007 04-16-2007  P  C  C   180

GRE        VT INTRO CABINETMAKING         07-31-2006 01-12-2007  P  C  C   340

RCH CAD    PG CHARIS                      10-08-2005 10-09-2005  P  C  P    35

RCH CAD    PG DRUG EDUCATION PROGRAM      06-28-2005 09-27-2005  P  C  P    32

RCH CAD    GED 5 12:30-2:30PM             06-24-2005 09-20-2005  P  C  P   102


---------------------------  HIGH TEST SCORES  ---------------------------

TEST        SUBTEST      SCORE    TEST DATE    TEST FACL    FORM      STATE

ABLE        LANGUAGE       9.0    06-10-2005    RCH          E
            NUMBER OPR    11.5    06-10-2005    RCH          E
            PROB SOLV     13.0    06-10-2005    RCH          E
            READ COMP     13.0    06-10-2005    RCH          E
            SPELLING      10.0    06-10-2005    RCH          E
            VOCABULARY    12.9    06-10-2005    RCH          E
GED         AVERAGE      548.0    09-20-2005    RCH          PASS      MN
            LIT/ARTS     520.0    09-20-2005    RCH          IA        MN
            MATH         490.0    09-20-2005    RCH          IA        MN
            SCIENCE      510.0    09-20-2005    RCH          IA        MN
            SOC STUDY    600.0    09-20-2005    RCH          IA        MN
            WRITING      620.0    09-20-2005    RCH          IA        MN
GED PRAC    AVERAGE      478.0    08-10-2005    RCH          PASS
            LIT/ARTS     500.0    08-10-2005    RCH          PA
            MATH         450.0    08-10-2005    RCH          PA
```

```
            SCIENCE       430.0     08-10-2005     RCH        PA
            SOC STUDY     470.0     08-10-2005     RCH        PA
            WRITING       540.0     08-10-2005     RCH        PA
```

```
G0000       TRANSACTION SUCCESSFULLY COMPLETED
```

# Certificate of Verification

## FCI HERLONG EDUCATION DEPARTMENT
## PARENTING PROGRAM
## BRAZELTON VIDEO CLASS

*Certifies that*

# Thomas Cannon

*Has successfully completed the above mentioned course during the 2011 Summer Quarter:*
*This certificate is hereby issued this 25th day of August 2011.*

_____
*Parenting Coordinator*

_____
*Supervisor of Education*





