UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

_____

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | Case No. 03-CR-20085 |
| | ) | |
| **THOMAS CANNON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

This case is before the court for ruling on the pro se Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (#134) filed by Defendant, Thomas Cannon. Defendant's pro se Motion (#134) is DENIED.

BACKGROUND

On March 6, 2006, following a remand from the Seventh Circuit and a reassignment of this case from Senior United States District Judge Harold A. Baker to this court, a sentencing hearing was held and Defendant was sentenced to a term of life imprisonment. On July 25, 2011, Defendant filed a pro se Motion for Reduction in Sentence (#124). This court appointed the Federal Defender's office to represent Defendant regarding his Motion. On October 24, 2011, Defendant filed a pro se Motion for Dismissal of Counsel (#127), arguing that he disagreed with his counsel regarding how to proceed in the case.  On November 1, 2011, Jonathan Hawley of the Federal Defender's office filed a Motion to Withdraw as Attorney (#128).  Defendant's counsel stated that he had thoroughly reviewed Defendant's case and concluded that he is ineligible for a reduction in his sentence because

he was sentenced to the statutory mandatory minimum sentence of life imprisonment. Defendant's counsel stated that, because Defendant was sentenced to the mandatory minimum sentence of life imprisonment, he could not receive a lower sentence.

On November 7, 2011, this court entered an Order (#129) and granted Defendant's pro se Motion for Dismissal of Counsel (#127) and his counsel's Motion to Withdraw as Attorney (#128). This court stated that Defendant was allowed to pursue this matter pro se and was allowed 30 days to file a pleading which either conceded that the 2011 amendment to the sentencing guideline range regarding crack cocaine sentencing did not apply because he was sentenced based upon the statutory mandatory minimum sentence or explained why the 2011 retroactive amendment did in fact have the effect of lowering his sentence. On December 5, 2011, Defendant filed a pro se Response (#130) and argued that this court should lower his sentence to rectify a gross injustice.

On February 8, 2012, this court entered an Opinion (#131) which denied Defendant's pro se Motion to Reduce Sentence (#124). This court concluded that Defendant's sentence was not based on the offense level set forth in § 2D1.1 of the United States Sentencing Guidelines, which had been lowered by the Sentencing Commission, but rather on the statutory mandatory minimum sentence for his offense. This court concluded that the retroactive amendment to the Sentencing Guidelines did not change the statutory mandatory minimum so that Defendant did not qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2). This court additionally noted that Defendant was not entitled to relief under the Fair Sentencing Act of 2010 because the Seventh Circuit Court of Appeals had determined

that the Fair Sentencing Act is not retroactive. On February 27, 2012, Defendant filed a pro se Motion for Reconsideration (#132). This court entered an Opinion (#133) on February 28, 2012, and denied Defendant's Motion (#132). This court stated that, in his Motion, Defendant cited an out of circuit district court case and argued that this court can reduce his statutory mandatory minimum sentence of life imprisonment because the crack cocaine guidelines "played a role" in determining his sentence. Defendant also attached exhibits showing that he had completed classes and had been productive while in prison. This court concluded, however, that it had no authority to reduce Defendant's statutory mandatory minimum sentence under 18 U.S.C. § 3582(c)(2).

ANALYSIS

On April 8, 2013, Defendant filed another pro se Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c) (#134). Defendant argued that his sentence should be reduced under the Fair Sentencing Act based upon the decision of the United States Supreme Court in Dorsey v. United States, 132 S. Ct. 2321 (2012).

Dorsey was decided on June 21, 2012. The Supreme Court reversed the Seventh Circuit Court of Appeals, which had held that the Fair Sentencing Act applied only to defendants whose offenses were committed after the effective date of the Act, August 3, 2010. The Supreme Court determined that the Fair Sentencing Act applied to defendants who were sentenced after the effective date of the Act. Dorsey, 132 S. Ct. at 2326, 2336.

While Defendant has valiantly argued that language in the Dorsey decision should apply to his situation and should result in a lower sentence, it is clear that Dorsey does not

apply to him. The Court in <u>Dorsey</u> explained that, in federal sentencing, the ordinary practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced. <u>Dorsey</u>, 132 S. Ct. at 2335. Defendant was sentenced many years before the effective date of the Fair Sentencing Act and, under <u>Dorsey</u>, is not entitled to a reduction in his sentence.

IT IS THEREFORE ORDERED THAT Defendant's pro se Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (#134) is DENIED.

ENTERED this 17th day of April, 2013

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE